# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS,<br>    Plaintiff,<br>v.<br>ERIC JORDAN, WARDEN,<br>    Defendants. | Case No. CV 16-02505-MWF (PJW)<br><br>**ORDER ACCEPTING REPORT RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND ADOPTING, IN PART, FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the motion to dismiss Plaintiff's First Amended Complaint, the records on file herein, and the Report and Recommendation of the United States Magistrate Judge. Further, the time for filing objections has expired and no objections have been made. The Court accepts the findings of fact made by the Magistrate Judge in full, and adopts them as its own findings.

  The Court also accepts the recommendations of the Magistrate Judge and adopts them as the Court's own conclusions — except to clarify the Magistrate Judge's recommendation as to Plaintiff's claim that his rights were violated when Defendant denied him phone privileges. The Magistrate Judge recommended that the motion to dismiss be granted as to this claim, reasoning that Plaintiff does not have a constitutional

-1-

right to use the phone. This reasoning is technically correct. In and of itself, the denial of telephone privileges does not violate the Eighth Amendment, and thus the Court adopts the recommendation. *See Gonzalez v. Cate*, No. CV 11-3196-GEB-EFB P, 2016 WL 4036722, at *7 (E.D. Cal. Jul. 28, 2016); *Rodriguez v. Winn*, No. CV 14-2139-TUC-JAS (JR), 2016 WL 3353954, at *5 (D. Ariz. Jan. 28, 2016), *report and recommendation adopted sub nom. Rodriguez v. Shartle*, No. CV 14-2139-TUC (JAS), 2016 WL 3194653 (D. Ariz. June 9, 2016) (stating that "depriving a prisoner of phone calls and visits for a year does not violate the Eighth Amendment") (citing *Overton v. Bazzetta*, 539 U.S. 126, 136–37 (2003) (two-year ban on visits to inmates who had committed two or more substance-abuse violations does not violate the Eighth Amendment)); *Clark v. Plummer*, No. C 95-0046 CAL, 1995 WL 317015, at *2 (N.D. Cal. May 18, 1995) ("Courts have held that even a total denial of telephone access for convicted prisoners is not cruel and unusual punishment under the Eighth Amendment.").

However, in *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048–49 (9th Cir. 2002), the Ninth Circuit held that prisoners do have a right under the First Amendment "to communicate with persons outside prison walls" and characterized telephone calls as "a ***means*** of exercising this right." *Id.* at 1048 (emphasis in original). The Ninth Circuit went on to endorse the possibility that restrictions on telephone usage might impermissibly impinge on the prisoner's First Amendment right to communicate. *Id.* at 1048–49. Construing the allegations liberally, as the Court is required to do for a plaintiff acting in pro se, the Complaint could be read to raise a speech issue under the First Amendment. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that a pro se complaint is "to be liberally construed . . . and however inartfully pleaded, must be held to less stringent standards than formal pleadings drafter by lawyers"). Accordingly, to the extent that Plaintiff here seeks to pursue a claim that the restriction on his phone privileges violates his First Amendment right to communicate, he has alleged sufficient facts to support such a claim at the motion to dismiss stage, and shall be allowed to proceed thereon.

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss Plaintiff's phone privilege claim is **GRANTED** and Defendant's motion to dismiss Plaintiff's deprivation of exercise and denial of access to personal hygiene products claims are **DENIED**.

IT IS SO ORDERED.

Dated: August 1, 2017

MICHAEL W. FITZGERALD
United States District Judge